# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

**JEREMY R. EDINGTON,**

      **Defendant.**

Case No. 2:10-cr-335
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter is before the Court on Defendant Jeremy Edington's Motion for Compassionate Release (ECF No. 152), Motion to Show Jurisdiction (ECF No. 154), and Motion for Judgment (ECF No. 165). For the following reasons, the motions are **DENIED**.

### I.

In June of 2011, Defendant was charged in a superseding indictment with one count of Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b), three counts of Receipt of Visual Depictions, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1), and one count of Possession of Visual Depictions, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). A jury found Defendant guilty on all counts. Following his convictions, Defendant was sentenced to 120 months' imprisonment on Count One, 60 months' imprisonment on Counts Two through Four to run concurrently, and 36 months' imprisonment on Count Five to run consecutive, for a total term of 156 months. (ECF No. 111.) The Court also imposed a 15-year term of supervised release.

On April 14, 2020, Defendant filed a Motion for Compassionate Release due to the COVID-19 pandemic (ECF No. 152), which the Court held in abeyance until Defendant exhausted his administrative remedies. (ECF No. 153.) Defendant subsequently filed a Motion to Show

Jurisdiction (ECF No. 154) and Motion for Judgement (ECF No. 165) urging the Court to grant relief on his Motion for Compassionate Release.  The Court now takes up these motions.

## II.

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under very limited circumstances.  *See United States v. Ruffin*, 978 F.3d 1000, 2020 U.S. App. LEXIS 33689, at *8 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984).  Prior to the passage of the First Step Act of 2018, a district court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP").  *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence.  The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *Ruffin*, the statute contains "three substantive requirements for granting relief."  *Ruffin*, 2020 U.S. App. LEXIS 33689, at *9.  First, the court

must initially find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)). Second, before granting a reduced sentence, the Court must find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at *11. But district courts may skip this second step and have "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the motion for compassionate release, because § 1B1.13 is not an "applicable" policy statement when an incarcerated person files the motion. *United States v. Jones*, — F.3d —, No. 20-3701, 2020 WL 6817488, at *8–9 (6th Cir. Nov. 20, 2020). Third and finally, even if the Court finds that extraordinary and compelling reasons exist, the Court may not grant a release before considering the sentencing factors set forth in § 3553(a). *Ruffin*, 2020 U.S. App. LEXIS 33689, at *12. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

### III.

Defendant moves the Court for a compassionate release. He submitted a request for release to the warden on April 8, 2020. (ECF No. 154.) More than 30 days have passed since Defendant submitted this request; therefore, the Court has the authority to decide his motion for compassionate release. Defendant states that he is HIV positive and that his medical condition places him at an increased risk of complications from COVID-19. (ECF No. 152 at 2.) Defendant's HIV is controlled through daily medication. (*Id.*) He is 30 years old. (*Id.*) He also submits that he has been hospitalized twice for staph infections. (*Id.*)

When an inmate files a motion for compassionate release—as Defendant has done here—the Court has "full discretion to define 'extraordinary and compelling'" and is not bound by the reasons listed in policy statement § 1B1.13. *Jones*, 2020 WL 6817488, at *9. In defining

"extraordinary and compelling," many courts have held that a generalized risk of contracting COVID-19 while incarcerated is not extraordinary and compelling. *United States v. Jent*, No. CR 6:13-026-DCR, 2020 WL 6829760, at *1 (E.D. Ky. Nov. 20, 2020); *see also United States v. Pratt*, No. 16-CR-20677-5, 2020 WL 6382864, at *4 (E.D. Mich. Oct. 30, 2020) (denying compassionate release to a 23-year-old inmate with asthma); *United States v. Cleveland*, No. 1:17-CR-29, 2020 WL 6119416, at *2 (N.D. Ohio Oct. 16, 2020) (denying compassionate release to 37-year-old inmate with Hepatitis C and anxiety). Likewise, "medically managed serious health conditions, paired with a generalized fear of COVID-19, [fall] short of 'extraordinary and compelling reasons' justifying release[.]" *United States v. Huffaker*, No. 3:16-CR-100, 2020 WL 5995499, at *3 (E.D. Tenn. Oct. 9, 2020) (citing *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020)).

In this case, Defendant has only demonstrated that he has a generalized risk of contracting COVID-19. Defendant is 30 years old and does not suffer from any medical conditions that definitively put him at an increased risk of contracting severe illness from COVID-19. The CDC indicates that individuals with HIV "might be at an increased risk" of contracting a severe case of COVID-19, as opposed to those individuals with conditions who "are at increased risk" of severe illness.[1] The Court commends Defendant for the steps he has taken toward rehabilitation. But Defendant's medically controlled HIV, prior staph infections, and the general risk of contracting COVID-19 do not surmount the high bar of "extraordinary and compelling" set forth in § 3582(c)(1)(A)(i).[2] *See Pratt*, 2020 WL 6382864, at *4; *Cleveland*, 2020 WL 6119416, at *2.

---

[1] CDC, *People with Certain Medical Conditions* (Dec. 29, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.

[2] The Court also notes that Defendant did not submit any medical records in support of his claims. *See United States v. Elias*, —F.3d—, No. 20-3654, 2021 WL 50169, at *3 (6th Cir. Jan. 6, 2021)

## IV.

Accordingly, the Court **DENIES** Defendant Jeremy Edington's Motion for Compassionate Release (ECF No. 152), Motion to Show Jurisdiction (ECF No. 154), and Motion for Judgment (ECF No. 165).

**IT IS SO ORDERED.**

1/28/2021　　　　　　　　　　　　　　　　　s/Edmund A. Sargus, Jr.
**DATE**　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

---

("Initially, we note that Elias did not provide any records in her motion to support that she has hypertension. The district court could have denied Elias's motion for compassionate release on this basis."). Nonetheless, taking Defendant at his word, his circumstances do not qualify as extraordinary and compelling.